T.C. Memo. 1998-244

UNITED STATES TAX COURT

MICHAEL E. AND NANCY HENTGES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11049-96.                    Filed July 6, 1998.

<u>James A. Hogue</u> and <u>James O. Goodwin</u>, for petitioners.

<u>William F. Castor</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)[1] and Rules 180, 181, and 182.

---

[1]    Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $8,116 in Federal income tax and an accuracy-related penalty under section 6662(a) in the amount of $1,623 for petitioners' 1992 tax year.

After a concession by petitioners, the issues for decision are whether petitioners properly substantiated certain trade or business expenses under section 274(d), and whether petitioners are liable for the penalty under section 6662(a) for a substantial understatement of tax under section 6662(b)(2).[2]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Tulsa, Oklahoma.

During the year in question, Michael E. Hentges (petitioner) was primarily engaged in the sale of insurance and securities and, to some extent, engaged in estate planning and financial consultation. He has been in such business since 1984. Many of his clients were located in various States. Petitioner made frequent business trips to contact and solicit new clients, and virtually all of his travel was by private plane, which he rented. For local transportation, petitioner owned a 1983 Mercedes automobile that he used exclusively in his business.

---

[2] At trial, petitioners conceded an adjustment in the notice of deficiency for their failure to report as income on their 1992 return an IRA distribution of $6,220. Petitioners also conceded the 10-percent additional tax under sec. 72(t) for the early distribution of the IRA.

For the year 1992, a portion of petitioner's income from his activities was paid to him as a salary. That amount, $55,053, was reflected by a Form W-2, and petitioners reported that amount as salary and wage income on page 1 of their Federal income tax return. Another portion of petitioner's business was considered as a self-employed trade or business activity, and, to reflect that activity, petitioners reported their income and expenses on a Schedule C of their return. For 1992, petitioners reported gross receipts from this activity of $13,889, expenses of $35,878, and a net loss of $21,989.

With respect to the self-employed activity, respondent, in the notice of deficiency, allowed $10,350 of the claimed expenses and disallowed $25,528 of the claimed expenses. The disallowed expenses have been classified into three groups and consist of the following:

(1) Expenses relating to a Mercedes automobile:[3]

| | | |
|---|---|---|
| Car expenses | $1,991 | |
| Depreciation | 2,550 | |
| Insurance | 2,362 | |
| Repairs | 3,322 | $10,225 |

(2) Airplane rental, including rent, piloting, and fuel expenses — 9,826

---

[3] With respect to the Mercedes automobile, petitioners elected to claim deductions for the actual expenses incurred in operating the vehicle in lieu of the standard mileage rate of 28 cents per mile allowable for 1992 under Rev. Proc. 92-104, 1992-2 C.B. 583.

(3) Travel, meals, & entertainment:

| | | |
|---|---|---|
| Travel | 2,460 | |
| Meals & entertainment (80%) | 3,017 | 5,477 |
| Total disallowed expenses | | $25,528 |

The stated reason for disallowance of these expenses is that the expenses were not substantiated pursuant to section 274(d). Petitioners challenge that determination.[4]

With respect to the airplane, since petitioner was not a licensed pilot during 1992, he was required to engage the services of a licensed pilot on the trips he made in connection with his business.  Petitioner, however, was also taking flying lessons during 1992, and, on several of his business trips, petitioner engaged his flight instructor as the pilot.  Each such flight, however, qualified as a training lesson for petitioner. The bill submitted by the pilot for each of these trips identifies the charge as a fee for flight instruction. Petitioner maintains, however, that such charges were no higher than the costs of a regular pilot.  At the same time, petitioner argues, each such trip contributed to his training for

---

[4]    Insofar as any of the $25,528 of expenses at issue may be attributable to petitioner's activity as an employee rather than as a self-employed individual, respondent conceded at trial that petitioner qualified as an employee under sec. 3121(d)(3)(B) as a full-time life insurance salesman; therefore, any expenses allocable to petitioner's income as an employee would not be subject to the 2-percent limitation of sec. 67(a).  Thus, such expenses would be treated in the same manner as petitioner's self-employed activity expenses.

qualification for a pilot's license, which he subsequently obtained. The $9,826 shown above, therefore, includes the pilot/instructor fees just described. The Mercedes automobile, referred to above, was used exclusively in petitioner's business activity as petitioners owned another vehicle, a Jeep Cherokee, which they used for personal purposes.

With respect to the record keeping for all of the expenses at issue, the only log petitioner maintained with respect to the airplane was the log required by the Federal Aviation Administration (the FAA). Petitioner stored this log in his flight bag along with receipts incurred in connection with operation of the airplane. Sometime during 1992, the flight bag was stolen, and neither the bag nor its contents were ever recovered. Under FAA regulations, petitioner was required to reconstruct his flight log, and the information from the reconstructed log is what petitioner relies on here for substantiation of the expenses claimed in connection with the airplane.[5] To reconstruct the expenses for operation of the aircraft for the period prior to the theft, petitioner simply averaged the expenses he thereafter incurred and claims those

[5] The log itself was not introduced into evidence, although petitioner submitted a "Reconstruction of Travel Expense Log", which presumably contains the same information that the FAA log contains. However, the document introduced into evidence covers the entire year 1992, even though petitioner testified that the FAA log was reconstructed only up to the date of the loss of the original log.

averaged expenses as his substantiation for the portion of 1992 preceding the theft.

As to the Mercedes automobile, petitioner did not maintain, nor did he prepare for use at trial, a log chronicling his business use of the automobile during 1992.  Petitioner maintains that, since the car was used exclusively for business purposes, a log was not necessary.[6]

With respect to the meals and entertainment expenses, petitioner did not maintain a contemporaneous log for such expenses, although he offered into evidence at trial a stack of receipts in substantiation of these expenses.  He also submitted a three-page listing of the dates, location, "person seen", matters "discussed", and the amounts for each event.  This document is also entitled "Reconstruction of Meals Entertainment Log".  Petitioner explained that the amounts shown were not a complete listing because his practice was to keep receipts on his person, and, every week or so, he would enter the transactions on

[6]     The Court notes that, in arguing that this vehicle was used exclusively for business, petitioner did not address at trial whether the car was also used for commuting to and from his place of business, and whether petitioner considered such use as business use.  From the evidence adduced at trial, it is likely that petitioner may have used the Mercedes for commuting because petitioners had one other vehicle, and, since Mrs. Hentges was gainfully employed during 1992, the probability appears to be that she used the other vehicle for her commuting, and petitioner used the Mercedes for his commuting.  The use of a vehicle for commuting to and from work is a personal use, and the expense related thereto is rendered nondeductible by sec. 263.

his computer. Some of these receipts, he acknowledged, were lost in the washing of his clothes. He asserted he made no claim for such lost receipts on his 1992 return.

All taxpayers are required to keep records to enable the Commissioner to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes substantiation of the deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

All of the expenses at issue here, to be deductible, must meet the substantiation requirements of section 274(d). The parties do not dispute that. Section 274(d) provides generally that no deduction shall be allowed for any travel expense incurred while away from home or for any item with respect to an activity that is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, or recreation, (C) the business purpose of the expense, and (D) the business relationship to the taxpayer

of the persons entertained.  Under the regulations, to meet the "adequate records" requirement of section 274(d), a taxpayer "__shall__ maintain an account book, diary, statement of expense or similar record * * * __and__ documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure".  Sec. 1.274-5(c)(2)(i), Income Tax Regs.; emphasis added.  The elements to be proven with respect to each travel expense are the amount, time, place, and business purpose of the travel.  Sec. 1.274-5(b)(2), Income Tax Regs.  Similarly, the elements to be proven with respect to entertainment expenses are the amount, time, place, business purpose, and the business relationship of the person or persons entertained.  Sec. 1.274-5(b)(3), Income Tax Regs.  The record-keeping requirements of section 274(d) contemplate that a record "made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall."  Sec. 1.274-5(c)(1), Income Tax Regs.  The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. 1.274-5(c)(1), Income Tax Regs.  Similarly, with respect to local transportation expenses, section 274(d) was amended, effective for taxable years beginning

after December 31, 1985, to include the same substantiation requirement for expenses claimed with respect to the use of listed property as defined and described in section 280F(d)(4). See sec. 274(d)(4). "Listed property" includes, among others, any passenger automobile or "any other property used as a means of transportation". Sec. 280F(d)(4)(A)(i) and (ii). An airplane, of course, is considered to be listed property. Sec. 1.280F-6T(b)(2), Temporary Income Tax Regs., 49 Fed. Reg. 42701, 42713 (Oct. 24, 1984).

The substantiation requirements of section 274(d) with respect to expenses for travel away from home, meals, entertainment, and expenses relating to the use of listed property effectively preclude this Court from the use or application of the "Cohan rule", Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), in allowing deductions for expenses where the Court is satisfied from the record that expenses have been incurred but the taxpayer has not adequately substantiated the amount of such expenses. Unless the stringent substantiation requirements are met for those categories of expenses covered by section 274(d), this Court has no choice but to disallow such expenses.

Petitioners correctly argue that, because petitioner's records as to the airplane were stolen, which was a circumstance beyond his control, there are relief provisions in the

regulations that allow a taxpayer to reconstruct his records, citing section 1.274-5T(c)(4) and (5), Temporary Income Tax Regs., 50 Fed. Reg. 46006, 46021-46022 (Nov. 6, 1985).  The Court notes, however, that petitioner's records were lost, through theft, for only a portion of the year at issue, and only the airplane FAA log and some of the receipts relating to the airplane were so lost.  Petitioner suffered no such loss of records with respect to the other expenses at issue, nor were such records lost as to the airplane for the remainder of 1992.  The Court, therefore, considers whether the records petitioner submitted that were not lost and, therefore, were not reconstructed pass muster under section 274(d).  The records submitted do not satisfy the record-keeping requirements of section 274(d) for several reasons.  Most notably, petitioner did not maintain a contemporaneous record of the expenses, at or near the time they were incurred.  Perhaps the most important element of the record-keeping requirement is the contemporaneous maintenance of a log, chronicling each event in which an expense is incurred and corroborating that expense with receipts or other documents evidencing that the expense was incurred.  The documentation submitted by petitioner fails to satisfy this requisite.  Although petitioner submitted numerous cash and credit card receipts, most of these receipts bear no information tying the receipt to an event or an expense.  The reconstructed

logs provide very little information to satisfy what section 274(d) and the regulations require. With respect to the airplane, virtually all of the receipts for payment of the pilot are specified to be for flight instructions rather than for pilot services.

Petitioners did not contend that expenses for petitioner's flight training were deductible expenses but contended that such expenses were incurred during a trade or business activity. However, the logs petitioners submitted into evidence and some of the receipts contradict petitioners' claim that expenses for the flight instructor were claimed only in connection with flights involving petitioner's business. For example, included in petitioner's documentation is a receipt dated December 15, 1992, in the amount of $300, from petitioner's flight instructor. The travel log submitted into evidence does not reflect any business travel involving use of the airplane on December 15, 1992. Moreover, the Meals Entertainment Log offered into evidence shows that petitioner had a meal on December 15, 1992, at "Chili's" restaurant with a Rusty Hargrove. While the location of this restaurant is not indicated, it appears to the Court that this restaurant was probably a local restaurant. Petitioner's presence in Tulsa, Oklahoma, that day contradicts his claim that he was on business travel that day in the airplane. There are several other similar instances of contradictions in petitioner's

records in addition to the foregoing example. That particular example, the Court notes, did not involve records that were lost.

The Court concludes, on this record, that, for the period during 1992 as to which petitioner's records were not stolen, such records fail to satisfy the substantiation requirements of section 274(d). In addition, there is no evidence that his record keeping was more complete or adequate for the period before the theft. In A & F Management Corp. v. Commissioner, T.C. Memo. 1984-585, this Court stated:

> This exception to the general substantiation requirements is available where the taxpayer once had adequate records which were destroyed by a casualty beyond the taxpayer's control, and the exception permits the taxpayer to substantiate a deduction by reasonable reconstruction of his expenditures. * * * None of the documents submitted into evidence met all of the elements of section 274(d) nor did * * * [the taxpayer's] testimony indicate that any of the materials that were destroyed contained this information. Consequently, we will not permit petitioners to attempt to reconstruct A & F's records without satisfying each element of section 274(d). * * *

In Bacon v. Commissioner, T.C. Memo. 1989-90, this Court found that a taxpayer failed to make an adequate reconstruction of destroyed records where such records did not initially contain sufficient information to satisfy the substantiation requirements of section 274(d). Counsel for petitioner at trial agreed that the log maintained by petitioner required by the FAA would not have included all the information necessary to satisfy the requirements of section 274(d). Petitioner admittedly did not

maintain any other log on the use of the airplane. We find that petitioner's reconstruction of the destroyed records is not reasonable or adequate in the circumstances to come within the lost records exception of the regulations. With respect to the Mercedes automobile, the Court rejects petitioner's contention that a log was not necessary for that vehicle because it was used exclusively in his business. As noted earlier, a contemporaneously prepared log for that vehicle would have disproved any personal use of the vehicle and, most importantly, would have established the business purposes for which the car was being used. The Court, therefore, sustains respondent on all of the expenses at issue.

Respondent determined that petitioners were liable for the penalty under section 6662(a) for a substantial understatement of tax under section 6662(b)(2). Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. There is a substantial understatement of tax if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000. Sec. 6662(d)(1)(A). For purposes of section 6662(d)(1), "understatement" is defined as the excess of tax required to be

shown on the return over the amount of tax that is shown on the return, reduced by any rebates.  Sec. 6662(d)(2)(A).

Section 6662(d)(2)(B) provides that the amount of the understatement shall be reduced by that portion of the understatement that is attributable to the tax treatment of any item by the taxpayer if there is or was substantial authority for the treatment, or any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return, and there is reasonable basis for such treatment.

Petitioners did not establish that any of the exonerating provisions of section 6662 or section 6664(c) would apply to reduce the amount of, or extinguish the existence of, a substantial understatement of income tax for 1992.  Moreover, petitioners conceded the underpayment of tax attributable to their failure to report the IRA distribution on their 1992 return.  Respondent, therefore, is sustained on the section 6662(a) penalty.

<u>Decision will be entered</u>

<u>for respondent.</u>