T.C. Summary Opinion 2005-105

UNITED STATES TAX COURT

MICHAEL E. THIBODEAUX & STEPHANIE R. THIBODEAUX, a.k.a.
STEPHANIE R. HEARN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14743-03S.                    Filed July 27, 2005.

Michael E. Thibodeaux, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1998.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $10,699 in petitioners' 1998 Federal income tax and a $417 section 6651(a)(1) addition to tax. Concessions by petitioners narrow the scope of our consideration to the following issues: (1) Whether petitioners are entitled to a deduction for meals and entertainment expenses claimed on a Schedule C, Profit or Loss From Business, included with their 1998 joint Federal income tax return; (2) whether petitioners are entitled to a deduction for travel expenses incurred in connection with a trip to Jamaica, and (3) whether petitioners' failure to file a timely 1998 return was due to reasonable cause.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They were married in December 1998. At the time the petition was filed in this case, they resided in Chicago, Illinois. References to petitioner are to Michael Thibodeaux.[1]

---

[1] Stephanie R. Thibodeaux neither appeared at trial nor signed the stipulation of facts. The case will be dismissed as to her for lack of prosecution. Rule 123(b). The decision entered with respect to her will reflect the disposition of the issues agreed to between petitioner and respondent or otherwise here in dispute, and it will be consistent with the decision entered with respect to petitioner.

Throughout 1998, petitioner worked as a self-employed consultant. From time to time during that year he entertained clients and prospective clients. To that end petitioner "picked up the tab" for various meal and entertainment expenses. Petitioner "generally would keep just some loose papers or notices" evidencing these expenses, and he "would send them to [his] accountant just as records of what [he] had done."

According to petitioner, his records for meal and entertainment expenses for the 1998 taxable year were lost by his accountant. Consequently, in 1999 petitioner prepared a "diary" to "approximate as best [he] could" the meal and entertainment expenses he incurred during 1998. Various entries made in the "diary" on numerous dates show only the name of an individual and an amount. The "diary" does not contain any notations describing the business purpose of recorded expenses.

Each petitioner initially filed a separate 1998 return. Stephanie Thibodeaux's return was timely; petitioner's return, filed February 22, 2000, was not.[2] On December 19, 2001, respondent received petitioners' joint Form 1040X, Amended U.S. Individual Income Tax Return, for 1998 (the joint return). The joint return includes a Schedule C for petitioner's consulting

---

[2] The parties stipulated that petitioner's 1998 return was filed Feb. 22, 2000. The notice of deficiency suggests his return was filed Feb. 20, 2000. The difference is without distinction and need not be reconciled.

business, as does the separate return previously filed by petitioner. According to the Schedules C, the income and deductions listed on each has been computed in accordance with the cash receipts and disbursements method of accounting. On each Schedule C a deduction of $1,522 for meals and entertainment expenses is claimed. On the Schedule C included with petitioner's separate return a deduction of $4,034 for travel expenses is claimed. At the examination stage the parties proceeded as though the travel expense deduction was also claimed on the joint return, even though it was not, and we do likewise.

The deduction for meals and entertainment expenses relates to those items generally described above. The deduction for travel expenses relates to airfare, hotel, and local transportation expenses incurred for two trips to Jamaica, one in January and one in December. Petitioner described the trips as "exploratory, investigative in nature" taken "because [he] was attempting to get into * * * a real estate investment prospect" that "did not reach fruition." Petitioner now concedes that expenses totaling $2,430 incurred in connection with the December trip are not deductible.

In a notice of deficiency dated June 30, 2003, respondent: (1) Disallowed the deduction for meals and entertainment expenses; (2) in effect, disallowed the deduction for travel expenses for the Jamaican trips; and (3) imposed an addition to

tax under section 6651(a)(1) for petitioners' failure to file a timely return. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

As has often been stated, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

Although without expressly making reference to it, in support of the deductions here in dispute petitioners rely upon section 162(a). That section generally allows a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business.

---

[3] Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

In this case, specific substantiation rules come into play as the deductions here in dispute, although of a type generally allowable under section 162(a), are further described in and subject to section 274(d). In general, that section provides that no deduction shall be allowed for any travel expense or entertainment expense unless the taxpayer substantiates by adequate records the following items: (1) The amount of such expense; (2) the time and place of the travel or entertainment; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of persons entertained. Sec. 274(d); sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

Under the applicable regulations, to meet the "adequate records" requirement of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The record-keeping requirements of section 274(d) contemplate that a record "made at or near the time of the expenditure or use, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent

thereto when generally there is a lack of accurate recall." Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

We turn our attention first to the deduction for meals and entertainment. According to petitioner, whatever receipts for those expenses he at one time had, but turned over to his accountant, have been lost, and nothing in the record suggests that petitioner contacted any third parties in an attempt to obtain duplicates of those records. Furthermore, according to petitioner, he at no time recorded such expenses in a contemporaneously maintained diary. Petitioner's "diary" prepared long after the events recorded in it, in and of itself, is not sufficient to satisfy the substantiation requirements discussed above. See Hentges v. Commissioner, T.C. Memo. 1998-244.

Because petitioners have failed to satisfy the applicable substantiation requirements with respect to expenses for meals and entertainment, they are not entitled to a deduction for those expenses. Respondent's disallowance of that deduction is sustained.

The dispute between the parties as to petitioners' entitlement to a deduction for travel expenses now is limited to

the trip to Jamaica that petitioner claims to have taken place in January 1998. As with the deduction for meals and expenses, this deduction is also subject to section 274(d). In support of the deduction for these expenses, petitioner produced a canceled check and a travel summary from his travel agent, Vacation Hotline.

We need not consider whether these records in combination with petitioner's explanation satisfy the special substantiation requirements discussed above because another, more fundamental reason exists for the disallowance of the deduction. Although petitioner claims that the trip occurred during 1998, we find that the trip took place in January 1999. We support our finding on this point by the following: (1) Although the check is dated January 16, 1998, imprints on the back of the check indicate that the check was processed by two banks on January 20, 1999, and January 21, 1999, respectively; (2) it is not unusual for an individual to misdate a check at the beginning of a new year, and we find it more likely that petitioner made such a mistake rather than the two different banks that processed the check; (3) Vacation Hotline's records indicate that petitioner was in Tallahassee, Florida, rather than Jamaica, during the relevant dates in January 1998; and (4) the number of the check suggests that it was made at a date no earlier than December 10, 1998.

We need not consider other reasons advanced by respondent in support of the disallowance of the deduction for travel expenses. Because petitioners are cash basis taxpayers, the expenses incurred for the trip to Jamaica in January 1999, if otherwise deductible, are not deductible in 1998. See sec. 461(a). Accordingly, we sustain respondent's determination with respect to the disallowed travel expense deduction.

In the notice of deficiency respondent imposed an addition to tax under section 6651(a)(1). That section provides for an addition to tax of 5 percent of the amount of the tax required to have been shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. If an income tax return is not filed within 60 days of the prescribed date for filing (including extensions), the addition to tax imposed is not less than the lesser of $100 or 100 percent of the amount required to be shown as tax on the return. Sec. 6651(a). The addition to tax is imposed on the net tax due, sec. 6651(b), and applicable unless the taxpayer establishes that the failure to file is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent bears the burden of production with respect to the imposition of the section 6651(a)(1) addition to tax here under consideration. Sec. 7491(c).

Because the amended return was filed after separate returns, the date the amended return is deemed to have been filed is the date that petitioner's return was filed, that is February 22, 2000, or thereabouts, sec. 6013(b)(3)(A)(i), which date is more than 4 months after the due date of the return. See sec. 6072(a).

Petitioners agree that the return was not timely. They argue against the imposition of the addition to tax, however, upon several grounds. In a Form 843, Claim for Refund and Request for Abatement, petitioners suggest that the return was filed late as "a result of erroneous advice from the IRS." Attached to that form is a two-page typed statement in which petitioners request that the addition to tax be waived because petitioner's accountant had a lengthy illness and that "no one in the [accounting firm] was familiar with [his] records".[4]

Nothing in the record identifies what, if any, "erroneous advice" petitioners might have received from respondent, and we give that explanation no further consideration. Otherwise,

---

[4] We note that petitioner made no mention in this letter that the accounting firm had misplaced or lost his business records.

petitioners claim that petitioner's accountant is to blame for their untimely return.

A taxpayer has a personal and nondelegable duty to file a timely return, and reliance on an accountant to file a return does not provide reasonable cause for an untimely filing. See United States v. Boyle, supra at 249; Schirle v. Commissioner, T.C. Memo. 1997-552.

The evidence demonstrates that the joint return was deemed filed more than 4 months beyond the date it was due. Petitioners have not established that the failure to file a timely return was due to reasonable cause and not willful neglect. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001). Accordingly, we sustain respondent's imposition of the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.